IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STACEY E. BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-cv-405-RAH-SMD |
| | ) | |
| ECLECTIC CITY POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Stacey E. Ballard ("Ballard") filed this civil rights action on July 11, 2022. Compl. (Doc. 1). Ballard also filed a Motion to Proceed *in forma pauperis* (Doc. 2). The case was later referred to undersigned pursuant 28 U.S.C. § 636. Order (Doc. 4). The undersigned granted Ballard's Motion to Proceed *in forma pauperis* and stayed service pending review of the complaint under 28 U.S.C. § 1915(e). Order (Doc. 5). Following § 1915(e) review, the undersigned entered an order finding that Ballard's complaint did not comply with the Federal Rules of Civil Procedure, did not allege adequate facts for the Court to ascertain whether it had subject-matter jurisdiction over the case, and did not state claims for which relief could be granted. Order (Doc. 6) pp. 1-3. Despite these deficiencies, the undersigned afforded Ballard the opportunity to file an amended complaint that remedied these deficiencies. *Id.* at 6-7. Ballard was warned that his failure to abide by the undersigned's order would result in a recommendation that his case be dismissed for failure to prosecute and/or abide by orders of the Court. *Id.* at 7.

As of this Recommendation, Ballard has not filed an amended complaint pursuant the undersigned's previous Order (Doc. 6). Thus, his original complaint remains operative. Because Ballard has failed to (1) establish jurisdiction; (2) state a claim for which relief can be granted; and (3) abide by Court orders to file an amended complaint that complies with the applicable Federal Rules of Civil Procedure, the undersigned recommends that his Complaint (Doc. 1) be dismissed without prejudice.

## I.    BACKGROUND

Ballard's form complaint alleges an ongoing civil rights violation beginning in January 2020. Compl. (Doc. 1) p. 1. While the complaint is not a model of clarity, Ballard alleges that his "life has been threatened and put into public domain[]" by unidentified/unnamed individuals *Id.* He contends he was "targeted cruelly and harassed constantly by drones as well as informants who were working in coordination with the drug task force." *Id.* Ballard alleges that he has "been assaulted physically and with tactical equipment numerous times." *Id.* He claims he "asked for help from the Eclectic City [Police Department] [("EPD")] and was told that they could not help." *Id.* Ballard seeks various types of damages totaling $100,960. *Id.* at 2. Also, while not explicitly requested, it appears that Ballard also seeks injunctive relief to prevent the drug task force from "targeting" him. *Id.*

## II.    JURISDICTION

Federal courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or Congress. *Kokkonen v.*

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In 28 U.S.C. §§ 1331 and 1332(a),

Congress granted federal courts jurisdiction over two general types of cases: (1) cases that

arise under federal law, § 1331, and (2) cases in which the amount in controversy exceeds

$75,000 and there is diversity of citizenship among the parties, § 1332(a). *Home Depot*

*U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).  Courts presume that causes of action

"lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon

the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

Here, Ballard's complaint does not state whether he is bringing claims pursuant to

a federal statute or the United States Constitution. While he alleges that the "drug task

force" is harassing him and that the EPD will not help him, it is not clear who the drug task

force is affiliated with or what federal law would give rise to a cause of action against the

EPD. Ballard also fails to include any jurisdictional facts, beyond the amount in damages

he seeks, that would allow the undersigned to ascertain whether this Court has diversity

jurisdiction pursuant to § 1332(a). Therefore, Ballard has failed to establish subject-matter

jurisdiction.

## III.    COURT REVIEW UNDER 28 U.S.C. § 1915(e)

In the Eleventh Circuit, a federal district court may review any complaint filed *in*

*forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*,

364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a district court must dismiss a

complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief

may be granted,"[1] or (iii) "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A reviewing court has broad discretion to manage its *in forma pauperis* cases and determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

To state a claim on which relief may be granted, a complaint must meet the pleading standards set forth in the Federal Rules of Civil Procedure. *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019). Federal Rule of Civil Procedure 8 requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 also requires that each allegation in the complaint "be simple, concise, and direct." FED. R. CIV. P. 8(d). Rule 10 requires that "a party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). Thus, to comply with federal pleading standards, a complaint must—at a minimum—set forth claims in numbered paragraphs as required by Rule 10 and allege sufficient facts for the court to reasonably infer that a defendant's actions were unlawful.

In conducting § 1915 review, a court should liberally construe the pleadings of the pro se plaintiff and hold the allegations within his complaint to less stringent standards than those drafted by lawyers. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). A reviewing court should freely give a pro se plaintiff leave to amend a deficient pleading.

---

[1] Because "[t]he language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," courts in this Circuit "apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)." *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

*Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010). However, a court need not give a pro se plaintiff leave to amend "where amendment would be futile"[2]—i.e., where the complaint as amended would still be subject to dismissal.[3]

## IV.    DISCUSSION

Assuming *arguendo* that this Court has subject-matter jurisdiction over Ballard's claims, his complaint fails to state a claim on which relief can be granted. Specifically, Ballard's complaint (1) names an improper defendant and (2) fails to satisfy the pleading standards set out in the Federal Rules of Civil Procedure. For the following reasons, the undersigned recommends that Ballard's case be dismissed without prejudice.

### A.  The EPD is an improper defendant under Alabama law.

Ballard names EPD as the lone defendant in this case. Compl. (Doc. 1). But, "a police department is not a legal entity subject to suit or liability." *Wilson v. State*, 536 F. Supp. 3d 1245, 1248 (M.D. Ala. 2020) (citing *Ex parte Dixon*, 55 So. 3d 1171, 1172 n. 1 (Ala. 2010) ("Generally, the departments and subordinate entities of municipalities, counties, and towns that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority.")); *see also Manning v. Mason*, 2011 WL 1832539, at *3 (M.D. Ala. May 13, 2011) (citations omitted) ("[A] law enforcement department is not a legal entity capable of being sued."); *Johnson v. Andalusia Police Dep't*, 633 F. Supp. 2d 1289, 1301 (M.D. Ala. 2009) ("[P]olice departments are

---

[2] *Stringer*, 392 F. App'x at 760.

[3] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

generally not considered legal entities subject to suit."). Accordingly, the EPD is not a proper party defendant and the claims against it should be dismissed.

### B.  Ballard's complaint does not adequately identify his claims or allege facts to show he is entitled to relief.

Ballard's complaint does not adequately identify his claims. Other than generally alleging an ongoing civil rights violation, *see* Compl. (Doc. 1) p. 1, Ballard does not set forth any discrete claims. Further, Ballard's conclusory allegations of fact are insufficient to show he is entitled to relief. *See id.* Specifically, while Ballard alleges in a conclusory fashion that his "life has been harassed, threatened and put into public domain," he fails to provide the specific actions or circumstances surrounding the alleged harassment or threats. *Id.* Such conclusory allegations need not be accepted as true. *Amer. Dental Assoc. v. Ciqua Corp.*, 738 F.3d 1283, 1290 (11th Cir. 2010).

Additionally, while Ballard states that the "goal of [the harassment] was to create situations favorable to [him] being arrested," he again fails to provide facts illustrating what situations were created and even whether he was indeed arrested. *Id.* Because Ballard has failed to clearly set out his claims or plead sufficient facts to show that he is entitled to relief, his Complaint does not comply with the federal pleading standards. *See* FED. R. CIV. P. 8(a) (A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); FED. R. CIV. P. 8(d) ("Each allegation must be simple, concise, and direct."); FED. R. CIV. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

Ballard was provided an opportunity to remedy these deficiencies. *See* Order (Doc. 6). He failed to do so. As such, the Complaint should be dismissed.

## V.   CONCLUSION

Accordingly, the undersigned

RECOMMENDS that Ballard's Complaint (Doc. 1) be dismissed without prejudice because this Court lacks subject-matter jurisdiction. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 21, 2023.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of February, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE